UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Patricia Dewandeler,

    Plaintiff,

v.                                                                                    Case No.: 11-12112
                                                                                       Honorable Sean F. Cox

County of Macomb, Ted Wahby, and
James Meyerand,

    Defendants.

_____/

OPINION & ORDER GRANTING
DEFENDANTS' MOTION TO DISMISS

Plaintiff Patricia Dewandeler brought this § 1983 action against her former employer, Defendant County of Macomb and two County officers. Plaintiff alleges violations of her Fourteenth and Fifth Amendment rights, breach of a settlement agreement, and other state law tort claims. The matter is currently before the Court on Defendants' Motion to Dismiss and/or Summary Judgment. The parties have briefed the issues and the Court heard oral argument on Defendants' motion to dismiss on May 3, 2012. Because Plaintiff's Complaint fails to state a claim upon which relief can be granted, and because Plaintiff has failed to amend her Complaint (*See* D.E. No. 21), the Court shall GRANT Defendants' motion to dismiss.

**BACKGROUND**

I.    Factual Background:

Plaintiff began working as an account clerk at the Macomb County (the "County") Treasurer's Office in 2000. (D.E. No. 14, Plf's Resp. at 2). After a brief stint with a different

1

county treasurer's office, Plaintiff returned to the Macomb County Treasurer's Office in November of 2003. (*Id*.). Plaintiff's ultimate supervisor was the County Treasurer, Defendant Ted Wahby ("Wahby").

During the course of her employment with the County, Plaintiff filed a number of grievances against Wahby in response to certain disciplinary actions taken against her. (*Id*. at 3). The parties have not revealed the circumstances surrounding the disciplinary actions taken by the County or the grievances filed by Plaintiff.

In 2007, the County terminated Plaintiff's employment and Plaintiff filed another grievance. (*Id*. at 3). On October 30, 2008, the County and Plaintiff executed a settlement agreement with regard to Plaintiff's grievance. The agreement, titled "Settlement and Release of All Claims," (the "Settlement Agreement") is attached as Exhibit B to Defendants' Motion. (D.E. No. Def's Br., Ex. B). The Settlement Agreement includes the following clause:

> DEWANDELER further agrees that she will not in the future seek employment with the EMPLOYER [the County of Macomb]. DEWANDELER also acknowledges that based on the consideration set forth herein and pursuant to the terms and conditions of the Settlement and Release of All Claims, she is not now and will not ever in the future be eligible for such employment or recall to employment based on any rights to recall, length of service or seniority she might otherwise have been entitled to because of her employment with EMPLOYER.

(Settlement Agreement at ¶ 9).

In April of 2009, Plaintiff applied for a position as Summer Youth Program Facilitator with the Michigan Works! program. (Plf's Resp. at 4). Michigan Works! is a "public-private department administered by the Macomb/St. Clair Work Force Development Board." (Apczynski Affidavit at ¶ 1). After two interviews, Plaintiff was hired by the Employment

2

Service Coordinator assigned to Michigan Works!, Robert Apczynski. (Plf's Resp. at 4). Plaintiff began training for her new position on April 20, 2009. (*Id.*).

Three weeks into Plaintiff's employment, Mr. Apczynski was notified by Macomb County Corporate Counsel, Defendant James Meyerand ("Meyerand"), that Plaintiff's employment with Michigan Works! violated the terms of the Settlement Agreement. On May 7, 2009, Mr. Apczynski terminated Plaintiff's employment with Michigan Works! because of the Settlement Agreement violation.

II.     Procedural Background:

On May 12, 2011, Plaintiff filed her Complaint. (D.E. No. 1). Plaintiff's allegations are paraphrased as follows: Count I – Fourteenth Amendment Due Process Violation (Property Interest); Count II – Fourteenth Amendment Due Process Violation (Liberty Interest); Counts III and IV[1] – Violation of substantive due process under the Fifth Amendment; Count V – Constitutional violations by the County; Count VI – Breach of Settlement Agreement; Count VII – Intentional Infliction of Emotional Distress; Count VIII – Intentional Interference with Expectation of Employment; and Count IX – Intentional Interference with Contractual Relationship.

On July 18, 2011, the Court entered a Scheduling Order stating that discovery in this case must be completed by April 12, 2012. (D.E. No. 9).

On November 14, 2011, Defendants' filed the instant Motion to Dismiss and/or Motion for Summary Judgment. (D.E. No. 10). Plaintiff filed a response brief on January 30, 2012. (D.E. No. 14). The Court held a hearing on Defendants' motion on May 3, 2012.

---

[1] Counts III and IV of Plaintiff's Complaint are identical.

Although the discovery cut-off date was scheduled for April 12, 2012, the parties indicated to the Court at the May 3rd hearing that discovery had not been completed in this case. Furthermore, Defendants filed their motion for summary judgment well before the discovery cut-off date. As a result, the Court ordered supplemental briefing, pursuant to Fed. R. Civ. P. 56(c)(1), regarding Defendants' motion for summary judgment, in order to provide Plaintiff the opportunity rebut the assertions in Defendants' motion. (5/7/12 Order, D. E. No. 21).

The Court indicated to Plaintiff's counsel that Plaintiff's Complaint lacked the factual allegations necessary to comply with the Supreme Court's pleading standards in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court, however, permitted Plaintiff to file a motion for leave to amend her Complaint, no later than May 10, 2012, in order to correct the deficiencies in her Complaint identified by Defendants in their motion to dismiss. (*See* 5/7/12 Order).[2]

The time permitted by the Court for Plaintiff to file a motion for leave to amend her complaint has passed, and Plaintiff has not filed such a motion.

## LEGAL STANDARD

---

[2]In the Court's May 7, 2012 Order Regarding Supplemental Briefing, the Court provided Plaintiff the opportunity to respond to Defendants' supplemental brief and provide the Court with evidence that Plaintiff's employment with Michigan Works! did not constitute employment with the City of Macomb – a central issue in this case. Although Plaintiff has yet to submit her response to Defendants' supplemental brief, Defendants have submitted to the Court the following evidence that strongly indicates that Plaintiff's employment with Michigan Works! is considered employment with the County: (1) an agreement between St. Clair County and Macomb County regarding the administration of the Michigan Works! program, (2) Plaintiff's pay stubs from her employment of Michigan Works!, (3) a Human Resources Information Sheet signed by Plaintiff, and (3) the affidavit of the Employment Service Coordinator of the Macomb/St. Clair Work Force Development Board. Each of these documents indicate that Michigan Works! is a County program and that the County was Plaintiff's employer during her time with Michigan Works!. This evidence undermines the allegations in Plaintiff's Complaint.

When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff and accept all the well-pleaded factual allegations as true. *Evans-Marshall v. Board of Educ.*, 428 F.3d 223, 228 (6th Cir. 2005). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. The Court need not accept a complaint's allegations as true if the allegations consist of "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Id*. at 663. Although a heightened fact pleading of specifics is not required, the plaintiff must bring forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664. In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).

## ANALYSIS

Defendants assert that Plaintiff's Complaint should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6) because Plaintiff's Complaint does not meet the pleadings standards set forth in *Twombly* and *Iqbal*. This Court agrees.

As the Supreme Court stated in *Iqbal*, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. In this case, each of Plaintiff's causes of actions simply state a conclusory remark that Defendants have violated Constitutional Amendments or have engaged in a particular tortious conduct. Plaintiff, however, fails to allege

5

the liberty interest of which she has been deprived, the property interest of which she has been deprived, how Defendants have violated the Settlement Agreement, how Defendants have interfered with Plaintiff's employment opportunities or contractual rights, or any facts that may lead to a plausible cause of action for intentional infliction of emotional distress.  In fact, Plaintiff's threadbare allegations do not even go as far as to recite the elements of Plaintiff's causes of action.  The only facts alleged in Plaintiff's Complaint are those facts that led to the Settlement Agreement, which are irrelevant to any of Plaintiff's claims.

After Defendants filed and served their Rule 12(b)(6) motion, Plaintiff failed to amend her Complaint once as a matter of course under Fed. R. Civ. P. 15(a)(1).  The Court permitted Plaintiff to file a motion for leave to amend her Complaint.  Plaintiff, however, failed to take advantage of that opportunity to correct the deficiencies of her Complaint.  The Court finds that Plaintiff's current Complaint fails to allege "enough facts to state a claim to relief that is plausible on its face," and therefore does not meet the pleading requirements of Fed. R. Civ. P. 8. *See Twombly*, 550 U.S. at 570.

## CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that Defendants' motion to dismiss (D.E. No. 10) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint is DISMISSED WITH

PREJUDICE.

    IT IS SO ORDERED.

                                          S/Sean F. Cox
                                          Sean F. Cox
                                          United States District Judge

Dated:  May 16, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 16, 2012, by electronic and/or ordinary mail.

                                          S/Jennifer Hernandez
                                          Case Manager